IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY HART,

                                                                    ORDER

                Plaintiff,

                                                     11-cv-370-bbc

     v.

CAPTAIN D. MORGAN,
BRIAN FRANSON and GREG GRAMS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary and injunctive relief, plaintiff Gregory Hart contends that defendants Captain D. Morgan, Brian Franson and Greg Grams violated his constitutional rights by confining him in disciplinary segregation on the basis of a fabricated conduct report. Plaintiff filed this case originally in the Eastern District of Wisconsin, but it was transferred sua sponte by that court on May 24, 2011. Plaintiff has filed a proposed amended complaint that I will treat as the operative pleading. He is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment.

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his proposed amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of

1

the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

After reviewing the complaint, I conclude that plaintiff has failed to state a claim against defendants for violation of his constitutional rights. Therefore, I will dismiss his complaint. Also, because plaintiff will not be proceeding on any of his claims, I will deny the motion for appointment of counsel that he filed in conjunction with his complaint.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

On December 4, 2010, plaintiff Gregory Hart was issued a conduct report for allegedly fighting with his cellmate. On December 21, 2010, defendants Captain D. Morgan and Brian Franson served as the disciplinary hearing officers at a hearing regarding the conduct report. The person who issued the conduct report stated falsely that he had witnessed plaintiff fighting with his cellmate. Both plaintiff and his cellmate denied that any altercation occurred. Defendants Morgan and Franson found plaintiff guilty of fighting and sentenced him to 90 days in disciplinary segregation. Ultimately, plaintiff spent 45 days in segregation.

Plaintiff appealed his sentence to defendant Warden Grams on multiple occasions. Several of the appeals were returned with a finding that plaintiff had failed to include the correct conduct report number in his appeal, even though plaintiff had included the correct conduct report number. Defendant Grams did not overturn the decision of defendants Morgan and Franson and did not order that plaintiff be released from segregation.

DISCUSSION

A. Due Process

Plaintiff contends that defendants Morgan and Franson violated his Fourteenth Amendment right to procedural due process by finding him guilty of a falsified conduct violation after an unfair disciplinary hearing. Additionally, plaintiff contends that defendant Grams violated his due process rights by refusing to review his appeals and release him from segregation.

To state a procedural due process claim under the Fourteenth Amendment, plaintiff must allege facts suggesting that he was deprived of a "liberty interest" and that this deprivation took place without the procedural safeguards necessary to satisfy due process. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The Supreme Court has explained that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. A period of segregated confinement may be "atypical and significant" "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." Marion v. Columbia Correction Institution, 559 F.3d 693, 697-98 (7th Cir. 2009) (holding that prisoner's confinement in segregation for 240 days may implicate liberty interest).

In this case, plaintiff was in segregation for only 45 days and has alleged no facts to suggest that the conditions of his confinement in segregation were unusually harsh. Thus, plaintiff's allegations do not imply that any liberty interest was implicated by his time in

3

segregation and plaintiff cannot state a claim for violation of his due process rights by defendants Morgan and Franson.

Also, plaintiff has not stated a claim against defendant Warden Grams for violation of his right to due process. Plaintiff's allegations against defendant Grams relate only to Grams's rejection of plaintiff's appeals regarding defendants Morgan and Franson's decision penalizing plaintiff with disciplinary segregation. Because Franson and Morgan's actions were not constitutional violations, Grams's failure to reverse their decision was not a constitutional violation.

### B. Eighth Amendment

Plaintiff contends that defendants' actions violated his right under the Eighth Amendment to be free from cruel and unusual punishment. However, to state a claim under the Eighth Amendment, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison officials identified acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff alleges only that he was held in disciplinary segregation for 45 days. Confinement to segregation alone does not rise to the level of a serious risk of harm. Therefore, plaintiff has failed to state a claim against defendants under the Eighth Amendment.

ORDER

IT IS ORDERED that

1. Plaintiff Gregory Hart is DENIED leave to proceed on his claims that defendants Captain D. Morgan, Brian Franson and Greg Grams violated his rights under the Eighth and Fourteenth Amendments. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for appointment of counsel, dkt. #13, is DENIED.

3. Because plaintiff's complaint is being dismissed for failure to state a claim upon which relief may be granted, a strike will be assessed in accordance with 28 U.S.C. § 1915(g).

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 7th day of July, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge